IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JERRY OLIVIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:16-cv-3307 |
| ) | Judge Trauger |
| CITY OF CLARKSVILLE *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

The plaintiff Jerry Olivier, proceeding *pro se*, has filed a civil rights complaint against defendants City of Clarksville ("City"), Lt. B. Adams and Chief Al Rivers Ansley. (ECF No. 1.) Additionally, the plaintiff has applied to proceed *in forma pauperis*. (ECF No. 2)

Because it is apparent from the plaintiff's application that he lacks sufficient resources from which to pay the required filing fee, his application to proceed *in forma pauperis* (ECF No. 2) will be granted.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed *in forma pauperis* and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *Begola v. Brown*, 172 F.3d 47 (Table), 1998 WL 894722, at *1 (6th Cir. Dec. 14, 1998) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)). The Court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDaniel*, 454

U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the plaintiff's action will be dismissed because he fails to state a claim upon which relief may be granted.

## I. FACTUAL ALLEGATIONS

In his complaint the plaintiff alleges that he went to the Clarksville Police Station after the case against him for calling "911" was dismissed. When he arrived at the station he met with defendant Adams. The plaintiff told defendant Adams that he wanted to file a complaint against an officer for misconduct. After defendant Adams called defendant Ansley, defendant Adams advised the plaintiff that he was directed not to give the plaintiff a claim form or to allow anyone in the plaintiff's family to file a complaint. The plaintiff alleges that defendant Adams also threatened to throw away a notice of appeal that the plaintiff attempted to deliver. Defendant Adams told the plaintiff that he could not leave the notice of appeal and that if he did, it would be thrown away. The plaintiff claims that the defendant has violated his rights under 18 U.S.C. §§ 241 and 242.

As relief, the plaintiff seeks monetary damages and an injunction restricting defendants Adams and Ansley from having any control over the citizen complaint process.

## II. STANDARD OF REVIEW

If an action is filed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that "the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under § 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)"). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to create a claim for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R.

Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her").

## III. DISCUSSION

The plaintiff alleges the defendants Adams and Ansley prevented him from filing a citizens complaint against a Clarksville police office, and that, as a result, they violated the plaintiff's rights under 18 U.S.C. §§ 241 and 242.

Assuming for the sake of argument that the plaintiff could state a §1983 claim against because defendant Adams and Ansley because they prevented him from filing a citizens complaint against a Clarksville police officer, neither §§ 241 nor 242 provide for a private right of action. *See Davis v. Sarles*, 134 F.Supp.3d 223, 228 (D.D.C. 2015) (noting that 18 U.S.C. §§ 241 and 242 are federal criminal statutes and do not create a private right of action); *Diaz Aviation Corp. v. Airport Aviation Servs., Inc.*, 762 F. Supp. 2d 388, 393 (D.P.R. 2011) (same); *Peabody v. United States*, 394 F. 2d 175 (9th Cir. 1968) (same). Consequently, the plaintiff fails to state a claim upon which relief may be granted and his complaint must be dismissed.

Moreover, even if the plaintiff had stated a claim for relief against defendants Adams and Ansley, his claims against the City would still have to be dismissed.

A municipality may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cnty. v. Humphries*, 131 S. Ct. 447, 453-54 (2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1974)). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred

4

because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-509.

The plaintiff does not identify any City policy or custom that caused him a constitutional injury. Therefore, he fails to state a claim for relief against the City.

## IV. CONCLUSION

Because the plaintiff has failed to state a claim upon which may be granted, this action will be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii); *cf. Brewer v. Cleveland Mun. Sch. Dist.*, 84 F. App'x 570, 571-73 (6th Cir. 2003) (affirming a district court's dismissal under § 1915(e)(2) of a complaint filed by a non-prisoner who was proceeding *in forma pauperis*). For the same reasons that the court dismisses this action, the court finds that an appeal of this action would not be taken in good faith. The court therefore certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by the plaintiff would not be taken in good faith, and the plaintiff will not be granted leave by this court to proceed on appeal *in forma pauperis*. An appropriate order is filed herewith.

Aleta A. Trauger
United States District Judge